## UNITED STATES v. PROCTOR et al.

### Cr. No. 135-51.

United States District Court
District of Columbia.

June 4, 1951.

360

George Morris Fay, U. S. Atty. for D. C., John C. Conliff, Jr., Harold H. Bacon, Assts. U. S. Atty. for D. C., all of Washington, D. C., for plaintiff.

E. Paul Yaselli, Washington, D. C., for defendant Proctor.

Robert I. Miller, Kenneth D. Wood and James M. Young, all of Washington, D. C., for defendant Allen.

KEECH, Judge.

Upon consideration of the motion for a new trial filed on behalf of the defendant Proctor and argument thereon, as well as the oral testimony of the two defendants and one of the defendant Proctor's counsel, and from a further review of the record, I have concluded that the motion should be granted.

I find from a consideration of the record as a whole and observation of the two defendants, that the defendant Proctor's peculiar actions in the course of the trial, in repudiating the story he had previously told his attorney (which he confirmed to his attorney during the trial, the day before he testified, and which agreed with his confession to the police, now admitted by him to have been freely given), and in refusing to rebut the testimony of the defendant Allen against him, were caused by his being imposed upon by the stronger personality and higher intelligence of his codefendant

Allen. I am satisfied that the defendant Proctor's abrupt change in his defense, without even imparting his intention to his counsel, was not born in his mind, but resulted from undue influence exerted upon him by Allen when he was under the extraordinary strain of facing a possible death sentence, and that Proctor, grasping at a straw, followed Allen's instructions in the belief that they were the advice of an experienced member of this bar given for his, Proctor's, benefit.

Had Proctor adhered to his original position that he was too intoxicated to harbor the specific intent to rob, his defense, which would have been entirely consistent with his confession to the police, might have been found worthy of belief by the jury, in which event he would have been found guilty of only second degree murder. In contrast, his denial on the stand of any knowledge of the crime, in direct contradiction of his confession, squarely presented to the jury the issue of credibility as between Proctor and the police. I cannot with clear conscience say that, had Proctor not been imposed on in the manner stated, it is certain that the verdict would have been first degree murder.

If Proctor had shifted his position at the trial of his own volition, his present capitulation would be given no consideration as the basis for a new trial. However, the entire atmosphere of this case, as now gleaned in retrospect, lends credence to Proctor's statements that he was acting in obedience to the suggestions of others, persons who had an obvious interest in seeing that Proctor took the position he did on the stand, thus immunizing Allen against damaging testimony by Proctor, which not only would have put Allen on the scene of the crime, but also would have made Allen a participant in the brutal robbery and murder.

No question has been raised as to the competence of the defendant Proctor. The motion for new trial is not premised on his incompetence, but is based on the contention that his codefendant's interference with his defense prevented him from getting

the true picture of the crime before the jury.

█ The record indicates that Proctor, a young man of low intelligence and little education, unfamiliar with the intricacies of trial procedure, and yielding to pressure because of his precarious position, may have been a mere pawn in a plan to better Allen's position even though it might worsen Proctor's. No case has been brought to my attention dealing with an analogous situation, but I believe, under the facts as they have now become apparent, that Proctor was deprived of the fair trial which is his constitutional guarantee, and that a new trial must therefore be granted him "in the interest of justice," as permitted by Rule 33 of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

I am conscious that the action here taken could be misinterpreted as sanctioning the granting of a motion for a new trial on the basis of the deliberate perjury of a defendant, who, failing to convince the jury by a false story, is permitted to overturn an unfavorable verdict on the ground that the true facts would not have warranted his conviction of the offense charged, but would have resulted in his conviction of a lesser offense. It is for this reason that I must make it clear that the determination that a new trial should be granted to the defendant Proctor is based upon the unusual facts peculiar to this case.

█

█ Upon consideration of the motion for a new trial filed on behalf of the defendant Allen, and argument of counsel thereon, I have concluded that the motion should be denied. Most of the points raised by the motion have already been dealt with at length during the course of the trial. The further points that the defendant Allen was prejudiced by the manner in which the defense of his codefendant Proctor was handled and particularly by the conflict of Proctor's testimony with the statements and part of the argument of his counsel, I find without merit.

Insofar as Proctor's shifting of position relates to the defendant Allen's conviction, it forms no basis for granting Allen a new trial. I am satisfied that it was Allen's own action which brought about Proctor's testimony in conflict with his counsel's statements and part of his argument. However, even if it should be believed that Proctor's change in his defense was not brought about by Allen's influence, the contradictory testimony in no way prejudiced Allen, for if the jury believed Proctor, Allen was helped, or, if they disbelieved Proctor, Allen's position was made no worse, Proctor's confession already being in evidence; and, as to the statements and argument of Proctor's counsel, the jury were plainly instructed that statements and argument of counsel are not evidence, and that their verdict must be based solely on the evidence adduced on the witness stand.